# Exhibit A

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| Julio Miguel Orlandini-Agreda and Compañía Minera Orlandini Ltda. | ) |  |
|---|---|---|
| *Plaintiff* | ) |  |
| v. | ) | Civil Action No. |
|  | ) |  |
|  | ) |  |
| *Defendant* | ) |  |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:     Gibson, Dunn & Crutcher LLP

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

1. Arrangement of files and document retention by Gibson, Dunn & Crutcher LLP.
2. Authentication of documents contained in Gibson, Dunn & Crutcher LLP's files.

| Place: | Quinn Emanuel Urquhart & Sullivan, LLP<br>51 Madison Avenue, 22nd Floor,<br>New York, New York 10010 | Date and Time:<br>Later of November 13, 2017 at 9:00 a.m. or 45 days from the date of service of this subpoena. |
|---|---|---|

The deposition will be recorded by this method: Court reporter and videographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Schedule A. Please produce electronic copies by the later of October 27, 2017 at 9:00 a.m. or 30 days from the date of service of this subpoena.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

         *CLERK OF COURT*
                                              OR

_____               _____
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Julio Miguel Orlandini-Agreda and Compañía Minera Orlandini Ltda._____ , who issues or requests this subpoena, are:

Kevin Reed, 51 Madison Avenue, 22nd Floor, New York, New York 10010, kevinreed@quinnemanuel.com, (212) 849-7000

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

A. "Petitioners" mean Julio Miguel Orlandini-Agreda and Compañía Minera Orlandini Ltda. ("CMO").

B. "Petition" means the Petition For Discovery In Aid Of A Foreign Proceeding Pursuant To 28 U.S.C. § 1782, filed in this action.

C. "You" means Gibson, Dunn & Crutcher LLP ("Gibson Dunn") and any of its present or former officers, directors, employees, attorneys, agents, representatives, predecessors-in-interest, partners, parents, affiliates, or subsidiaries.

D. The terms "documents" and "concerning" have the same meaning set forth in Local Rule 26.3.

E. "CMO's Concessions" mean concessions in the Bolívar and Totoral mining areas of Bolivia (department of Oruro, province of Poopo, municipalities of Antequera and Pazña), which extend from the surface to the center of the earth and which are identified by the following inscription numbers, names, and registry numbers:

| | | |
|---|---|---|
| 7101. | San Miguel, | 408-01382 |
| 7102. | Panchita, | 406-01383 |
| 7103. | Salvadora, | 406-01384 |
| 7104. | Pretoria, | 406-01234 |
| 7105. | Veneros San Juan, | 406-01235 |
| 7106. | California, | 406-01385 |
| 7107. | La Magdalena, | 406-01386 |
| 7108. | San Felipe, | 406-01387 |
| 7109. | Carmencita, | 406-01388 |

7110. San Carlos, 406-01389

7111. Vespertina, 406-01390

7112. Demasias Pio IX, 406-01391

7113. Sin Rival, 406-01392

7114. La Protectora, 406-01393

7115. Nuestra Señora del Pilar, 406-01394

7116. Siglo XX, 406-01395

7117. Vanderbilt, 406-01396

7118. Virgen del Carmen, 406-01397

7119. Santo Tomas, 406-01398

7120. San Pedro, 406-01399

7121. Santa Isabel, 406-01400

7122. La Trinidad, 406-01401

7123. Manchuria, 406-01402

7124. Complemento, 406-01403

7126. Demasias Santo Tomas, 406-01405

7127. Pio Nono, 406-01404

7128. Laura, 406-01406

7129. Demasias San Felipe, 406-01407

7130. Victoria, 406-01408

7131. Santa Raquel, 406-01409

7132. Vanguardia, 406-01410

7133. Santoña 406-01411

       7134.     Santa Rosa, 406-01412

       7135.     Porvenir, 406-01413

       7136.     La Florida, 406-01414

       7137.     Olvido, 406-01415

       7138.     La Esperanza, 406-01416

       7139.     Demasias Florida, 406-01417

       7140.     San Antonio, 406-01418

       7142.     Grupo de la Esperanza, 406-01419

       7143.     La Reformadora, 406-01420

       7144.     Rosario, 406-01421

       7145.     Demasias Magdalena, 406-01422

       7147.     Bechuana, 406-01423

       7148.     Esperanza, 406-01424

       7149.     Exaltacion, 406-01425

       7150.     El Carmen, 406-01426

       7151.     Santa Beatriz, 406-01427

F.    "COMIBOL" means Corporación Minera de Bolivia.

G.    "COMSUR" means Compañía Minera del Sur S.A. and all of its subsidiaries, whether owned in whole or in part.

H.    "Glencore" means Glencore Plc and all of its subsidiaries, whether owned in whole or in part, including Glencore International AG, Sinchi Wayra S.A., Sociedad Minera Illapa S.A., San Lucas S.A., Kempsey S.A., Shattuck Trading S.A., and Apamera Limited.

**INSTRUCTIONS**

1. The following Document Requests seek discovery of all responsive data or information that exists in any form, except for privileged information or attorney work product, which You are not requested to produce. In particular, the Document Requests seek only documents and information provided to You by third parties and do not call for any document or information that contains Your work product or analyses or Your communications to your client.

2. All drafts and non-identical copies must be produced.

3. If You are unable to respond to any of these Document Requests in full, after exercising due diligence to secure the information to do so, You shall so state, and respond to the extent possible, specifying the reasons for the inability to respond to the remainder, and providing whatever information is available concerning the portioned not responded to.

4. All documents and things requested that are in the possession, custody, or control of You or Your attorneys, investigators, agents, employees, or other representatives are to be produced.

5. Pursuant to Fed. R. Civ. P. 45(d), You shall produce responsive documents as they have been kept in the usual course of business or shall organize and label them to correspond to the enumerated requests of this demand. If you have no documents responsive to a particular category, You shall state so in writing.

6. If any document responsive to these Document Requests has been, but is no longer, in Your possession, custody or control because it has been destroyed, discarded, or placed outside of Your possession, custody or control, You shall furnish a list specifying each such document and setting forth the following information: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the name(s) and address(es) of each person

who prepared, received, viewed, and has or has had possession, custody, or control of the document.

## DOCUMENT REQUESTS

1. All documents concerning CMO's mining rights, mining concessions, production, mineral reserves, or interests in Bolivia at any time.

2. All documents concerning the minerals extracted from CMO's Concessions.

3. All documents concerning the minerals extracted from the Seguridad I concession.

4. All documents concerning COMIBOL's or COMSUR's rights or interests in the Seguridad I concession.

5. All documents concerning COMIBOL's and COMSUR's acquisition of the Seguridad I concession and the incorporation of the Seguridad I concession into the Bolívar mine project.

6. All documents concerning the mining rights conferred by the Seguridad I concession.

7. All documents concerning potential or contingent liabilities of COMIBOL or COMSUR related to the Seguridad I concession or CMO's interests.

8. All documents concerning any plans to acquire rights or interests in CMO's Concessions.

9. All documents concerning any efforts by COMSUR or COMIBOL to transport any minerals through CMO's Concessions or through the Seguridad I concession.

10. All documents concerning any efforts by COMSUR or COMIBOL to obtain an easement, or other right-of-way, through CMO's Concessions.

11. All documents concerning any efforts by COMSUR or COMIBOL to extract minerals from any of CMO's Concessions.

12. All documents concerning any efforts by COMSUR or COMIBOL to extract minerals from the Seguridad I concession.

13. All documents or other information shared by COMSUR with Glencore and vice versa regarding the Seguridad I concession or CMO's Concessions.

14. All documents concerning disputes, litigation, negotiations, liabilities, or communications between CMO and COMIBOL or between CMO and COMSUR.

15. All documents concerning disputes, litigation, negotiations, liabilities, or communications involving COMSUR at the time that Glencore acquired COMSUR.

16. All documents concerning any of the above subject matters sent, received, prepared, and/or handled by Iris Mines & Metals S.A. and/or Minera S.A.